1

2

3

4

5

6

7

8            IN THE UNITED STATES DISTRICT COURT

9          FOR THE EASTERN DISTRICT OF CALIFORNIA

10   KENNETH A. SMITH,

11            Plaintiff,

12      vs.                              No. CIV. S-10-2563 FCD GGH PS

13   SACRAMENTO SHERIFF, et al.,

14            Defendants.               ORDER

15   _____/

16          Plaintiff has not paid the fee ordinarily required to file an action in this court, and

17   has filed his application to proceed without prepayment of fees on the wrong form.[1]  See 28

18   U.S.C. §§ 1914(a), 1915(a).  Plaintiff will be provided the opportunity to submit either the

19   request to proceed in forma pauperis on the proper form or the appropriate filing fee.

20          Even had plaintiff completed this court's application to proceed in forma pauperis

21   for non-prisoners, and demonstrated a proper basis to proceed without prepayment of funds, this

22   court would not permit the action to proceed upon the filed complaint.

23          The court is required to screen complaints brought by prisoners seeking relief

24   against a governmental entity or officer or employee of a governmental entity.  28 U.S.C.

25   _____

26      [1]  Plaintiff does not appear to be incarcerated but has used the application tailored to
     prisoners.

1

1  § 1915A(a).  The court must dismiss a complaint or portion thereof if the prisoner has raised

2  claims that are legally "frivolous or malicious," that fail to state a claim upon which relief may be

3  granted, or that seek monetary relief from a defendant who is immune from such relief.  28

4  U.S.C. § 1915A(b)(1),(2).

5          A claim is legally frivolous when it lacks an arguable basis either in law or in fact.

6  Neitzke v. Williams, 490 U.S. 319, 325 (1989); Franklin v. Murphy, 745 F.2d 1221, 1227-28

7  (9th Cir. 1984).  The court may, therefore, dismiss a claim as frivolous where it is based on an

8  indisputably meritless legal theory or where the factual contentions are clearly baseless.  Neitzke,

9  490 U.S. at 327.  The critical inquiry is whether a constitutional claim, however inartfully

10  pleaded, has an arguable legal and factual basis.  See Jackson v. Arizona, 885 F.2d 639, 640 (9th

11  Cir. 1989); Franklin, 745 F.2d at 1227.

12          A complaint, or portion thereof, should only be dismissed for failure to state a

13  claim upon which relief may be granted if it appears beyond doubt that plaintiff can prove no set

14  of facts in support of the claim or claims that would entitle him to relief.  Hishon v. King &

15  Spalding, 467 U.S. 69, 73 (1984) (citing Conley v. Gibson, 355 U.S. 41, 45-46 (1957)); Palmer

16  v. Roosevelt Lake Log Owners Ass'n, 651 F.2d 1289, 1294 (9th Cir. 1981).  In reviewing a

17  complaint under this standard, the court must accept as true the allegations of the complaint in

18  question, Hospital Bldg. Co. v. Rex Hosp. Trustees, 425 U.S. 738, 740 (1976), construe the

19  pleading in the light most favorable to the plaintiff, and resolve all doubts in the plaintiff's favor,

20  Jenkins v. McKeithen, 395 U.S. 411, 421 (1969).

21          Plaintiff names the Sacramento Sheriff, the "department corrections division," and

22  the "courthouse bailiff division" as defendants.  Plaintiff's claim is as follows:

23      I was called back to court 8 months later by the court HIV blood
        supporting 4/08, 1999 incident time served plus p[a]role violation
24      time served 112-27-99 p[a]arole from corcoran state prison
        release[d] 12-27-99.  I was returned to court illegal [illegible].  I
25      also found set to altercation, with inmate name gomez, after me
        a[f]ter I was set up and a[n]d book by three deput[ies]s two
26      felon[ie]s for ass[au]lt battery, rest[r]aint on sheriff deputy.  They

1      falsified on me gomez was white inmate.  individual cause a little
2      trouble all day. [Sic].

3   (Compl. at 3.)

4              The court finds the allegations in plaintiff's complaint so vague and conclusory

5   that it is unable to determine whether the current action is frivolous or fails to state a claim for

6   relief.  The court has determined that the complaint does not contain a short and plain statement

7   as required by Fed. R. Civ. P. 8(a)(2).  Although the Federal Rules adopt a flexible pleading

8   policy, a complaint must give fair notice and state the elements of the claim plainly and

9   succinctly.  Jones v. Community Redev. Agency, 733 F.2d 646, 649 (9th Cir. 1984).  Plaintiff

10  must allege with at least some degree of particularity overt acts which defendants engaged in that

11  support plaintiff's claim.  Id.  Because plaintiff has failed to comply with the requirements of

12  Fed. R. Civ. P. 8(a)(2), the complaint must be dismissed.  The court will, however, grant leave to

13  file an amended complaint.

14             In addition to its deficiencies pursuant to Rule 8, several other grounds exist for

15  dismissing the proposed complaint: improper form of the complaint (Rule 10(b)); lack of subject

16  matter jurisdiction (Rule 12(b)(1)); and failure to state a claim upon which relief may be granted

17  (Rule 12(b)(6)).

18             If plaintiff chooses to amend the complaint, plaintiff must demonstrate how the

19  conditions complained of have resulted in a deprivation of plaintiff's constitutional rights.  See

20  Ellis v. Cassidy, 625 F.2d 227 (9th Cir. 1980).  Also, the complaint must allege in specific terms

21  how each named defendant is involved.  There can be no liability under 42 U.S.C. § 1983 unless

22  there is some affirmative link or connection between a defendant's actions and the claimed

23  deprivation.  Rizzo v. Goode, 423 U.S. 362 (1976); May v. Enomoto, 633 F.2d 164, 167 (9th Cir.

24  1980); Johnson v. Duffy, 588 F.2d 740, 743 (9th Cir. 1978).  Furthermore, vague and conclusory

25  allegations of official participation in civil rights violations are not sufficient.  Ivey v. Board of

26  Regents, 673 F.2d 266, 268 (9th Cir. 1982).

1    In addition, plaintiff is informed that the court cannot refer to a prior pleading in

2  order to make plaintiff's amended complaint complete.  Local Rule 220 requires that an amended

3  complaint be complete in itself without reference to any prior pleading.  This is because, as a

4  general rule, an amended complaint supersedes the original complaint.  See Loux v. Rhay, 375

5  F.2d 55, 57 (9th Cir. 1967).  Once plaintiff files an amended complaint, the original pleading no

6  longer serves any function in the case.  Therefore, in an amended complaint, as in an original

7  complaint, each claim and the involvement of each defendant must be sufficiently alleged.

8    In accordance with the above, IT IS HEREBY ORDERED that:

9    1.  Plaintiff shall submit, within twenty-eight (28) days from the date of this order,

10  either a completed application and affidavit in support of his request to proceed in forma

11  pauperis on the form provided by the Clerk of Court, or the appropriate filing fee; plaintiff's

12  failure to comply with this order will result in a recommendation that this action be dismissed;

13    2.  Plaintiff's complaint is dismissed;

14    3.  Plaintiff is granted twenty-eight (28) days from the date of service of this order

15  to file an amended complaint that complies with the requirements of the Civil Rights Act, the

16  Federal Rules of Civil Procedure, and the Local Rules of Practice; the amended complaint must

17  bear the docket number assigned this case and must be labeled "Amended Complaint"; plaintiff

18  must file an original and two copies of the amended complaint; failure to file an amended

19  complaint in accordance with this order will result in a recommendation that this action be

20  dismissed.

21    4.  The Clerk of the Court is directed to send plaintiff a new Application to

22  Proceed In Forma Pauperis by a non-prisoner.

23  DATED: October 7, 2010

 /s/ Gregory G. Hollows

24  _____

25  GREGORY G. HOLLOWS
    UNITED STATES MAGISTRATE JUDGE

GGH/076

26  Smith2563.ifp.wpd

4