IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

KENNETH A. SMITH,

    Plaintiff,

  vs.                    No. CIV. S-10-2563 FCD GGH PS

SACRAMENTO SHERIFF, et al.,    ORDER

    Defendants.

_____/

       Plaintiff has now submitted an application to proceed in forma pauperis on the proper form. This proceeding was referred to this court by Local Rule 302(21), pursuant to 28 U.S.C. § 636(b)(1).

       Plaintiff has submitted an affidavit making the showing required by 28 U.S.C. § 1915(a)(1). Accordingly, the request to proceed in forma pauperis will be granted. Plaintiff has also submitted an amended complaint pursuant to order of October 8, 2010. The amended complaint does not cure the defects pointed out by the order.

       A claim is legally frivolous when it lacks an arguable basis either in law or in fact. Neitzke v. Williams, 490 U.S. 319, 325 (1989); Franklin v. Murphy, 745 F.2d 1221, 1227-28 (9th Cir. 1984). The court may, therefore, dismiss a claim as frivolous where it is based on an indisputably meritless legal theory or where the factual contentions are clearly baseless. Neitzke,

1

1  490 U.S. at 327.  The critical inquiry is whether a constitutional claim, however inartfully
2  pleaded, has an arguable legal and factual basis.  See Jackson v. Arizona, 885 F.2d 639, 640 (9th
3  Cir. 1989); Franklin, 745 F.2d at 1227.
4        A complaint must contain more than a "formulaic recitation of the elements of a
5  cause of action;" it must contain factual allegations sufficient to "raise a right to relief above the
6  speculative level."  Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 127 S. Ct. 1955, 1965 (2007).
7  "The pleading must contain something more...than...a statement of facts that merely creates a
8  suspicion [of] a legally cognizable right of action."  Id., quoting 5 C. Wright & A. Miller, Federal
9  Practice and Procedure 1216, pp. 235-235 (3d ed. 2004).  "[A] complaint must contain sufficient
10  factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'"  Ashcroft
11  v. Iqbal, ___ U.S.___, 129 S.Ct. 1937, 1949 (2009) (quoting Twombly, 550 U.S. at 570, 127
12  S.Ct. 1955).  "A claim has facial plausibility when the plaintiff pleads factual content that allows
13  the court to draw the reasonable inference that the defendant is liable for the misconduct
14  alleged."  Id.
15        Pro se pleadings are liberally construed.  See Haines v. Kerner, 404 U.S. 519,
16  520-21, 92 S. Ct. 594, 595-96 (1972); Balistreri v. Pacifica Police Dep't., 901 F.2d 696, 699 (9th
17  Cir. 1988).  Unless it is clear that no amendment can cure the defects of a complaint, a pro se
18  plaintiff proceeding in forma pauperis is entitled to notice and an opportunity to amend before
19  dismissal.  See Noll v. Carlson, 809 F.2d 1446, 1448 (9th Cir. 1987); Franklin, 745 F.2d at 1230.
20        The amended complaint names the Sacramento Sheriff as the only defendant.
21  Most of the amended complaint is indecipherable; however, some of the more comprehensible
22  portions allege: "Three sheriffs was crimenal there trade mark was to procute me, false fie, aginst
23  cause I did listen to them in the altercation I was in with the inmate I did stop fight the inmate.
24  So they further discrimenated against me in those reasons." [Sic.]  Plaintiff also alleges that a
25  sheriff's deputy injured his right elbow and right ankle when he handcuffed plaintiff.  The deputy
26  is also alleged to have failed to protect plaintiff.  (Compl. at 1.)  Plaintiff further claims that he

was falsely prosecuted with two felony counts: resistance, and assault and battery on a peace officer.  (Id. at 2.)

Even after amendment, the court continues to find the allegations in plaintiff's complaint so vague and conclusory that it is unable to determine whether the current action is frivolous or fails to state a claim for relief.  The court has determined that the complaint does not contain a short and plain statement as required by Fed. R. Civ. P. 8(a)(2).  Although the Federal Rules adopt a flexible pleading policy, a complaint must give fair notice and state the elements of the claim plainly and succinctly.  Jones v. Community Redev. Agency, 733 F.2d 646, 649 (9th Cir. 1984).  Plaintiff must allege with at least some degree of particularity overt acts which defendants engaged in that support plaintiff's claim.  Id.  Because plaintiff has failed to comply with the requirements of Fed. R. Civ. P. 8(a)(2), the complaint must be dismissed.

In addition to its deficiencies pursuant to Rule 8, several other grounds exist for dismissing the proposed complaint: improper form of the complaint (Rule 10(b)); lack of subject matter jurisdiction (Rule 12(b)(1)); and failure to state a claim upon which relief may be granted (Rule 12(b)(6)).

Furthermore, plaintiff names as defendants only the "Sacramento Sheriff," without naming any individual officers responsible for the alleged violations.  To proceed with a civil rights action, plaintiff must connect named defendants clearly with the claimed denial of his rights.  Farmer v. Brennan, 511 U.S. 825, 837, 843 (1994) (official's liability for deliberate indifference to assault requires that official know of and disregard an "excessive risk"); Johnson v. Duffy, 588 F.2d 740, 743-44 (9th Cir. 1978) (discussing "requisite causal connection" in section 1983 cases between named defendant and claimed injury).   The complaint does not connect anyone with the claimed violation of rights.

Additionally, plaintiff's allegation of false charges being filed against him, to the extent it resulted in a conviction and to the extent plaintiff seeks damages for it, is barred.

In Heck v. Humphrey, 512 U.S. 477 (1994), an Indiana state prisoner brought a

civil rights action under § 1983 for damages. Claiming that state and county officials violated his constitutional rights, he sought damages for improprieties in the investigation leading to his arrest, for the destruction of evidence, and for conduct during his trial ("illegal and unlawful voice identification procedure"). Convicted on voluntary manslaughter charges, and serving a fifteen year term, plaintiff did not seek injunctive relief or release from custody. The United States Supreme Court affirmed the Court of Appeal's dismissal of the complaint and held that:

> in order to recover damages for allegedly unconstitutional conviction or imprisonment, or for other harm caused by actions whose unlawfulness would render a conviction or sentence invalid, a § 1983 plaintiff must prove that the conviction or sentence has been reversed on direct appeal, expunged by executive order, declared invalid by a state tribunal authorized to make such determination, or called into question by a federal court's issuance of a writ of habeas corpus, 28 U.S.C. § 2254. A claim for damages bearing that relationship to a conviction or sentence that has not been so invalidated is not cognizable under 1983.

Heck, 512 U.S. at 486. The Court expressly held that a cause of action for damages under § 1983 concerning a criminal conviction or sentence cannot exist unless the conviction or sentence has been invalidated, expunged or reversed. Id.

Plaintiff has not alleged that he was convicted of a crime which was obtained falsely, or that he seeks damages. If he were permitted to amend to include these allegations, his claimed would be Heck barred.

Because plaintiff has had the opportunity to amend to cure the aforementioned deficiencies, but has been unable to do so, further amendment will probably be futile. "Liberality in granting a plaintiff leave to amend 'is subject to the qualification that the amendment not cause undue prejudice to the defendant, is not sought in bad faith, and is not futile.'" Thornton v. McClatchy Newspapers, Inc., 261 F.3d 789, 799 (9th Cir. 2001), quoting Bowles v. Reade, 198 F.3d 752, 757 (9th Cir.1999); Lopez v. Smith, 203 F.3d 1122, 1124 (9th Cir. 2000) ("[A] district court retains its discretion over the terms of a dismissal for failure to state a claim, including whether to make the dismissal with or without leave to amend.").

1       However, because the undersigned can understand a claim of excessive force from plaintiff's allegations, he will be granted one more opportunity to amend. *Plaintiff must identify the deputy sheriffs who he believes treated him with excessive force.*

      In accordance with the above, IT IS HEREBY ORDERED that: plaintiff's request to proceed in forma pauperis is granted. The amended complaint is dismissed with one more opportunity to amend. Plaintiff shall file the amended complaint within 30 days of the filed date of this order.

DATED: January 11, 2011

      /s/ Gregory G. Hollows
UNITED STATES MAGISTRATE JUDGE

GGH/076/Smith2563.fr.wpd